IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| Maria Ayala-Vennie, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-cv-762 |
| Hollingsworth Management Services, LLC, | § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Maria Ayala-Vennie ("Plaintiff") files this Complaint against Hollingsworth Management Services, LLC ("Defendant"), showing in support as follows:

### I.   NATURE OF THE CASE

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 during each seven-day workweek as an employee of Defendant.

2. Plaintiff was primarily employed by Defendant as hourly paid dispatcher in Fort Worth, Tarrant County, Texas.

3. Defendant deducted time from Plaintiff's hours worked per workday for non-bona fide meal breaks. As Plaintiff routinely worked 40 or more hours per seven-day workweek exclusive of those non-bona fide meal break deductions, the non-bona fide meal break deductions resulted in Plaintiff not being paid time and one-half her regular rate of pay for each and every hour worked over 40 per seven-day workweek.

4. Plaintiff seeks all damages available, including FLSA unpaid overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II. THE PARTIES, JURISDICTION, AND VENUE

### A. Plaintiff Maria Ayala-Vennie

5. Plaintiff is a natural person who resides in Dallas County, Texas. She has standing to file this lawsuit.

6. Plaintiff was employed by Defendant at 14900 Frye Road, Fort Worth, Tarrant County, Texas 76155.

7. By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

### B. Defendant Hollingsworth Management Services, LLC

8. Defendant is a foreign for-profit limited liability company.

9. Defendant is registered with the Texas Secretary of State to conduct business operations in Texas.

10. Defendant's principal place of business is at 14225 West Warren Avenue, Dearborn, Michigan 48126.

11. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

12. At all times relevant to this lawsuit, Defendant employed, and continues to employ, two or more employees.

13. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

14. For example, Defendant employed two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that are/were moved in and/or produced for commerce. Examples of such goods and/or materials include warehouse related equipment such as forklifts, packaging, and personal protection equipment, vehicles, phones, computers, and printers.

15. On information and belief, Defendant has had annual gross sales or business volume in excess of $500,000 during the time period relevant to this lawsuit.

16. Defendant may be served with summons through its registered agent, Northwest Registered Agent, LLC, 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

**C.  Jurisdiction and Venue**

17. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

18. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

19. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

20. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases her claims on federal law, namely the FLSA.

21. Venue is proper in this Court because the work Plaintiff performed for Defendant made the subject matter of this lawsuit occurred at Defendant's facility located at 14900 Frye Road, Fort Worth, Tarrant County, Texas 76155.

### III.  FACTUAL BACKGROUND

22. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

23. Defendant is a logistics provider to the manufacturing and distribution communities throughout the United States.

24. Defendant operates two business facilities in Tarrant County, Texas.

25. Plaintiff was employed by Defendant as a dispatcher.

26. Plaintiff was employed by Defendant from approximately March 18, 2019 to approximately May 4, 2022.

27. Defendant employed Plaintiff at Defendant's facility located at 14900 Frye Road, Fort Worth, Tarrant County, Texas 76155.

28. Defendant performed services for the United States Postal Service at the facility in which it employed Plaintiff.

29. Plaintiff was paid on an hourly basis by Defendant.

30. Plaintiff's hourly rate of pay was approximately $18.39.

31. In a typical workday, Plaintiff reported to Defendant's business location at 14900 Frye Road, Fort Worth, Tarrant County, Texas 76155 where she clocked in using Defendant's time clock system and began her workday performing dispatcher job duties for Defendant.

32. Plaintiff ended her workday at Defendant's business location at 14900 Frye Road, Fort Worth, Tarrant County, Texas 76155 by clocking out using the same time clock system.

33. Defendant started the FLSA seven-day workweek on a Monday and ended it on the following Sunday for Plaintiff.

34. Plaintiff was typically paid by Defendant on the Friday after the week that the corresponding work was performed.

35. Plaintiff's supervisor during her employment with Defendant was Breonne Dennison.

36. Plaintiff typically worked Monday to Friday for Defendant. At times, Plaintiff also worked on weekends.

37. Defendant had employees working two different shifts during a typical workday at the location where Plaintiff worked.

38. Plaintiff typically worked as dispatcher during the first shift, and sometimes worked additional hours beyond first shift during the second shift.

39. In a typical workday, Plaintiff was required begin her dispatcher job duties at Defendant's business location at 14900 Frye Road, Fort Worth, Tarrant County, Texas 76155 at approximately 4:00 a.m. Plaintiff's first shift should have ended at approximately 12:30 p.m. during a workday where she should have been relieved by a second shift dispatcher. However, Plaintiff was frequently not relieved at 12:30 p.m. by a replacement dispatcher and commonly continued working beyond 12:30 p.m. and into the second shift. It was common for Plaintiff to work 10 to 15 hours in a workday.

40. Defendant automatically deducted approximately 30 minutes per shift in a workday from Plaintiff's time worked for a non-bona fide meal break. If Plaintiff worked hours during a second shift, there would typically be two 30 minute meal break deductions taken by Defendant from her hours worked during that workday. Plaintiff typically did not take or receive a 30 minute bona fide meal break, or any bona-fide meal break, during a shift in a given workday. The time spent by Plaintiff during the automatic meal break deductions were predominately and/or primarily for the benefit of Defendant.

41. Defendant knew or had reason to believe that Plaintiff did not receive a bona-fide meal break relative to the deductions it made from Plaintiff's hours worked for same. For example, Plaintiff's supervisor, Breonne Dennison, personally observed Plaintiff working during time

periods that should have been meal breaks. At times, that supervisor was supposed to relieve Plaintiff for a meal break but failed to do so. Instead, that supervisor would sometimes offer to get Plaintiff food so she could continue working at her dispatcher workstation. Plaintiff also told a manager named Glenn Martin that she was working her dispatcher job duties when Defendant was deducting time for meal breaks she did not receive.

42. Management and/or supervisory level employees could physically observe Plaintiff performing work at her dispatcher job station without receiving bona-fide meal breaks.

43. Defendant, through its management and/or supervisory level employees, knew or had reason to believe Plaintiff was not receiving a bona-fide meal break during a given workday because, at times, there was no replacement dispatcher or other employer relieving Plaintiff of her dispatcher job duties during that workday.

44. Plaintiff routinely worked in excess of 40 hours per seven-day workweek as an employee of Defendant exclusive of the non-bona fide meal break deductions.

45. Defendant's non-bona fide meal break deduction practice, plan, and/or policy resulted in Plaintiff not being paid time and one-half her regular rate of pay for each and every hour worked over 40 per seven-day workweek.

### IV.   CONTROLLING LEGAL RULES

46. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

47. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e). With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007).

48. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

49. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

50. Under the FLSA's Continuous Workday Rule, "[p]eriods of time between the commencement of the employee's first principal activity and the completion of his last principal activity on any workday must be included in the computation of hours worked." 29 C.F.R. § 790.6.

51. An employee is employed for purposes of the FLSA if the employer has "knowledge, actual or constructive, that he was working." *Mack v. Avara Cmty. Health Servs.*, No. 3:13-CV-1976-P, 2016 U.S. Dist. LEXIS 129266, at *3-4 (N.D. Tex. Feb. 5, 2016) (*citing Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995)). "Constructive knowledge exists if by exercising reasonable diligence an employer would become aware that an employee is working

overtime." *Von Friewalde v. Boeing Aero. Operations, Inc.*, 339 F. App'x 448, 455 (5th Cir. 2009) (quotations and citation omitted).

52. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Newton*, 47 F.3d at 748.

53. "Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are [compensable] rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating." 29 C.F.R. § 785.19.

54. "To be classified as a bona fide meal period, an employee 'must be completely relieved from duty for the purpose of eating meals' during that period." *Bernard v. IBP, Inc. of Nebraska,* 154 F.3d 259, 264–65 (5th Cir. 1998) (citing 29 C.F.R. § 785.19). The Fifth Circuit employs a "predominant benefit test" to determine if a meal break is a bona-fide meal break. *Id.* "The critical question under that test is whether the meal period is used predominantly or primarily for the benefit of the employer or for the benefit of the employee." *Id.* "The employer bears the burden to show that meal time qualifies for this exception from compensation." *Id.*

55. Breaks in time during the workday that are 20 minutes or less must be treated as compensable time under the FLSA. *See Naylor v. Securiguard, Inc.*, 801 F.3d 501, 505 (5th Cir. 2015); *Gomez v. MI Cocina Ltd.*, 3:14-CV-2934-P, 2015 WL 13852376, at *2 (N.D. Tex. Dec. 16, 2015); *Sec. U.S. Dept. of Lab. v. Am. Future Sys., Inc.*, 873 F.3d 420, 432 (3d Cir. 2017) (The requirement that breaks in time during the workday of 20 minutes or less be counted as compensable time under the FLSA is a "bright line rule.").

56. "Any employer who violates [29 U.S.C. § 207] shall be liable to the employee or employees affected in the amount of their … unpaid overtime compensation … and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.*

## V. FLSA CLAIMS

57. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

58. Defendant is and/or was an eligible and covered employer under the FLSA relative to the claims in this lawsuit. 29 U.S.C. § 203(d).

59. Defendant is and/or has been an enterprise engaged in commerce under the FLSA during all years relative to the claims in this lawsuit. 29 U.S.C. § 203(s)(1)(A).

60. Defendant complied with the FLSA's posting of notices provision set forth in 29 C.F.R. § 516.4.

61. Plaintiff was an employee of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

62. Plaintiff was a covered employee under 29 U.S.C. § 207(a)(1) relative to her employment with Defendant.

63. Plaintiff was paid on an hourly basis by Defendant.

64. Plaintiff regularly worked in excess of 40 hours per seven-day workweek as an employee of Defendant.

65. Plaintiff regularly worked in excess of 40 hours per seven-day workweek as employee of Defendant exclusive of non-bona fide meal break deductions.

66. Defendant is and was required to pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 in each seven-day workweek while Plaintiff was employed by Defendant. 29 U.S.C. § 207(a)(1).

67. Defendant did not pay Plaintiff all FLSA mandated overtime wages per workweek because it deducted time for non-bona fide meal breaks during those workweeks.

68. Defendant failed to pay Plaintiff overtime compensation at one and one-half times her regular rate of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

69. The failure of Defendant to pay Plaintiff time and one-half her regular rate of pay for all hours worked over 40 per seven-day workweek is a violation of the FLSA.

70. Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At material times, Defendant is and was aware that Plaintiff was not paid time and one-half her regular rate of pay for all hours worked over 40 in a seven-day workweek due to its non-bona fide meal break practice, policy, and/or plan. For example, as stated above, Plaintiff's supervisor observed Plaintiff working during non-bona fide meal breaks. Additionally, at times during Plaintiff's employment, there was no replacement dispatcher or other employer relieving Plaintiff of her dispatcher job duties during workdays in which non-bona fide meal break time deductions were made by Defendant.

71. Plaintiff seeks all damages available for Defendant's failure to timely pay all FLSA overtime wages owed.

## VI. JURY DEMAND

72. Plaintiff demands a jury trial.

## VII. DAMAGES AND PRAYER

73. Plaintiff asks that she be awarded a judgment against Defendant and/or order(s) from the Court for the following:

   a. All damages allowed by the FLSA, including unpaid overtime wages,

   b. Liquidated damages in an amount equal to unpaid FLSA overtime wages,

   c. Reasonable legal fees,

   d. Costs,

   e. Post-judgment interest, and/or

   f. All other relief to which Plaintiff is justly entitled.

Date: August 26, 2022.

Respectfully submitted,

By: s/ Allen R. Vaught
Allen R. Vaught
Attorney-In-Charge
TX Bar No. 24004966
Vaught Firm, LLC
1910 Pacific Ave., Suite 9150
Dallas, Texas 75201
(972) 707-7816 – Telephone
(972) 591-4564 – Facsimile
avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF